IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:21-mj-1059-BN |
| MIGUEL ANGEL GOMEZ § | |
| GONZALEZ, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION

Defendant Miguel Angel Gomez Gonzalez is charged with violating 21 U.S.C. §§ 846 and 841(a) in a criminal complaint filed in this district.

On October 25, 2021, the Court held a hearing on the government's motion for detention. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

On the record today, Defendant knowingly and voluntarily waived his right to a preliminary hearing, and the Court found probable cause to believe that Defendant committed the offense conduct alleged in the complaint in this case based on that waiver.

The government moves for pretrial detention pursuant to 18 U.S.C. § 3142. "The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

Defendant is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(C) because Defendant is charged by a complaint with – and the Court has found probable cause to believe that he committed – with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Further, the government has invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption, which applies in this case because the Court finds that there is probable cause to believe that Defendant has committed an offense for which a maximum term

of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). Section 3142(e)(3) mandates that, in such a case as this, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Where, as here, the presumption applies, although the burden of persuasion remains always with the government, Defendant must produce sufficient evidence to rebut the presumption. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

Even if Defendant has come forward with sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, the government may prove by a preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Defendant were released. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). And "the mere production of evidence does not completely rebut the [Section 3142(e)(3)] presumption"; "[i]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special

risk of flight and dangerousness to society." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The Court has considered the testimony of the case agent and of Defendant's wife, the complaint and supporting affidavit, and the report of the pretrial services officer, in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Defendant; Defendant's history and characteristics; whether Defendant was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Defendant offered some evidence to rebut the presumption as to flight risk and danger through his wife's testimony, who offers to allow Defendant to live with her again and to employ him in her business.

But, even where Defendant came forward with some evidence to rebut the Section 3142(e)(3) presumption, the government still has proved that there is no combination of conditions that could be set to reasonably assure the safety of the community or Defendant's appearance as required if Defendant were released.

The evidence shows that Defendant is a legal permanent resident who is a citizen of Mexico – where he has regularly traveled and has a passport from and where his mother (who is ill) and two brothers and other aunts and cousins live – and who admitted has sold cocaine for at least the last three years (while separated from his wife) and now owes his source of supply $26,000 for 1 kilogram of cocaine that law enforcement seized. The evidence also shows that law enforcement seized three firearms and another .25 kilogram of cocaine from Defendant's house, to which he asks to return to live.

Under the Bail Reform Act, the Court may properly consider the likelihood that Defendant – faced now with criminal charges that, if he is convicted, are likely to result in a prison sentence followed by removal or deportation upon his release from prison – will, if released pending trial, comply with orders to appear for court proceedings in this case as required. Whatever interest Defendant has had in staying in this country with his family when he has was not facing a federal criminal case for serious drug crimes, his incentive structure has now materially changed. If released pending trial, Defendant is now faced with the choice of appearing for court and trying to obtain a dismissal of or not-guilty verdict on the charge against him, at the risk of serving a significant prison term and facing possible deportation to Mexico upon his release from incarceration, or fleeing – whether to Mexico or somewhere else

(including in this country or even in this area) – to avoid the risk of serving a prison sentence before likely being removed to Mexico. And the evidence of Defendant's history with his estranged wife, who is pursuing divorce, does not give the Court the confidence that it needs to reasonably assure, under the circumstances, that Defendant will not flee or continue to engage in illegal conduct despite her best efforts as a proposed third-party custodian.

These facts support a finding that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required or that Defendant would not continue to engage in illegal conduct if Defendant were released.

Based on the facts explained above, and the Court's findings based on those facts, the Court finds that, even without the rebuttable presumption, there is no condition or combination of conditions that could be set to reasonably assure the safety of the community or Defendant's appearance as required if Defendant were released. Accordingly, the Government's motion for detention is GRANTED.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate,

to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: October 25, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE